UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-589-BR

| TAMER ESCANDER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) | ORDER |
| RYAN MCCARTHY, | ) |  |
|  | ) |  |
|  | ) |  |
| Defendant. | ) |  |

This matter is before the court on plaintiff's motion to strike certain exhibits defendant filed in support of his renewed motion to dismiss. (DE # 30.) Defendant filed a response in opposition, (DE # 31), to which plaintiff filed a reply, (DE # 32).

In December 2019, plaintiff filed this action in the District Court for the District of Columbia alleging claims of employment discrimination and retaliation. (Compl., DE # 1, ¶¶ 55-60.) In response, defendant moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6) or, alternatively, to transfer the case to this court pursuant to 28 U.S.C. § 1406(a). (DE # 5.) The court granted the motion in part, transferring the case to this court. (9/16/20 Order, DE # 13.) Two months later, this court received the case and, because briefing was not complete, denied without prejudice defendant's motion to dismiss. (11/9/20 Order, DE # 17.)

In December 2020, defendant renewed his motion to dismiss pursuant to Rule 12(b)(6), (DE # 23), and filed three exhibits in support thereof, (DE # 25), which came from investigative materials assembled in response to plaintiff's equal employment opportunity ("EEO") complaint. After the court stayed briefing on the motion to dismiss, (2/17/21 Text Order), plaintiff filed the

instant motion to strike. Plaintiff contends the court should strike defendant's Exhibits 1 (a transcript of testimony) and 3 (a sworn declaration) in their entirety and page 4 of Exhibit 2 (an unsworn witness statement) because the court cannot consider those documents in conjunction with a motion to dismiss under Rule 12(b)(6). (Mot., DE # 30, at 1.) Should the court agree, plaintiff requests that the court deny defendant's motion to dismiss without prejudice to his refiling the motion without argument regarding the subject exhibits. (Id. at 2.) Defendant counters that plaintiff's motion to strike is procedurally improper because under Rule 12(f), "a motion to strike is not the proper vehicle" to challenge a motion to dismiss. (Resp., DE # 31, at 4.) He contends plaintiff can raise arguments about the court's consideration of the exhibits in response to the motion to dismiss. (Id. at 6.)

At the outset, the court agrees with defendant that Rule 12(f) does not apply under the circumstances. See Agbara v. Prince George's Cnty. Pub. Schs., No. TJS-20-0306, 2020 WL 7425298, at *11 (D. Md. Dec. 18, 2020) ("By its plain language, Rule 12(f) only applies to pleadings . . . ."). However, plaintiff does not explicitly rely on Rule 12(f). The court deems plaintiff's motion as one for the court to disregard the subject exhibits when considering defendant's motion to dismiss.

> Without converting a motion to dismiss into a motion for summary judgment, a court may consider documents attached to the complaint pursuant to Rule 10(c), which states, in pertinent part, "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Additionally, the court may consider documents extrinsic to the complaint if they are "integral to and explicitly relied on in the complaint" and if there is no dispute as to their authenticity. See Robinson v. Am. Honda Motor Co., 551 F.3d 218, 222-23 (4th Cir. 2009) (analyzing extrinsic evidence presented by both parties in the context of a motion to dismiss using the same standard); see also Branin v. TMC Enterprises, LLC, 832 F. Supp. 2d 646, 649 (W.D. Va. 2011); Fisher v. Maryland Dep't of Pub. Safety & Corr. Servs., No. JFM–10–CV–0206, 2010 WL 2732334, at *2 n.2 (D. Md. July 8,

2

2010) (noting that "[t]he same standard applies to documents attached to a plaintiff's response in opposition" (citing Robinson, 551 F.3d at 222-23)). This does not mean that all documents merely referenced in a complaint can automatically be considered in the context of a motion to dismiss:
> [R]ather, ... the referenced document [must] be central or integral to the claim in the sense that its very existence, and not the mere information it contains, gives rise to the legal rights asserted. The cases illustrate this requirement. Thus, where a complaint in a fraud action references a document containing the alleged material misrepresentations, the referenced document may be considered part of the complaint. Similarly, a newspaper article reporting allegedly fraudulent statements by a corporate officer may be considered part of the complaint in a securities fraud action, and an allegedly libelous magazine article referred to in a complaint may be considered part of the complaint in a libel action based on that article.
>
> Walker v. S.W.I.F.T. SCRL, 517 F.Supp.2d 801, 806 (E.D.Va.2007) (footnotes omitted).

Tinsley v. OneWest Bank, FSB, 4 F. Supp. 3d 805, 819 (S.D.W. Va. 2014) (alterations in original); see also Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 166 (4th Cir. 2016) ("[W]e may consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." (citations omitted)).

Plaintiff did not attach any documents to his complaint nor expressly incorporate any by reference. Plaintiff refers to the EEO "Investigative File" in the following allegations:

> 49. The Investigative File was compiled and submitted to the Fort Bragg EEO office on 2 May 2017. The Fort Bragg EEO office released it to Escander on 23 May 2017.
> 50. The Investigative File included a sworn declaration from the investigator as to the accuracy of the file. This declaration was dated 28 September 2017, even though the file was completed on 2 May 2017.

(Compl., DE # 1.) These two references do not make everything in the EEO file, including those exhibits defendant filed in support of the motion to dismiss, integral to his complaint.

3

Plaintiff's claims do not rise or fall on the statements contained in defendant's exhibits. As such, the court concludes it is inappropriate to consider the exhibits when ruling on defendant's motion to dismiss. See Goines, 822 F.3d at 166 ("Although the complaint included a few quotes from and references to the Incident Report, [the plaintiff's] claims do not turn on, nor are they otherwise based on, statements contained in the Incident Report. Under these circumstances, the Incident Report arguably is not integral to the complaint and therefore should not have been considered by the district court." (citations omitted)).

Although the court will not strike the subject exhibits from the record, to the extent plaintiff requests that the court not consider those exhibits in ruling on defendant's motion to dismiss, plaintiff's motion is ALLOWED. The court declines to require defendant to refile his motion. Plaintiff shall file his response to defendant's motion to dismiss within 21 days from the date this order is filed. Defendant may file a reply in accordance with the Local Rules.

This 7 April 2021.

_____
W. Earl Britt
Senior U.S. District Judge